**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CLAUDIANE SANTOS DE
JESUS and SARAH DERISSEAU
SANTOS

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   21-1319

Agency Nos. A209-166-362
A209-166-363

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2023**
Seattle, Washington

Before:  N.R. SMITH, LEE, and VANDYKE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Claudiane Santos De Jesus petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal of an Immigration Judge's (IJ) decision. The IJ denied her applications for asylum (on which her minor child is listed as a beneficiary), withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review.

Substantial evidence supports the BIA's determination that Santos is not a member of her proposed particular social group of "Brazilian single mothers who resist Brazilian criminal gang demands" because Santos identifies no evidence that she resisted the men who robbed her, and she conceded that she did not physically react or say anything during the robberies. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021). Likewise, substantial evidence supports the BIA's determination that the men who robbed Santos did not impute to her a political opinion of resisting criminal gang demands because Santos presents no evidence of the men's political views or that they perceived her as holding that political opinion. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031–33 (9th Cir. 2014). Accordingly, substantial evidence supports the BIA's determination that Santos failed to show that any past persecution was on account of a protected ground.

2

Thus, she failed to establish eligibility for asylum and withholding of removal.[1] *See* 8 U.S.C. §§ 1158(b)(1)(B), 1231(b)(3)(A).

Substantial evidence supports the BIA's determination that Santos failed to establish eligibility for CAT protection because Santos presents only generalized country condition reports that do not show that she would be subject to torture upon return to Brazil with the consent or acquiescence of the Brazilian government. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). And because Santos did not report the robberies to the police, the record does not compel a conclusion that the police would consent to or acquiesce in any future harm to Santos. *See Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010), *overruled on other grounds by Bringas-Rodriguez v. Sessions*, 850 F.3d 1051 (9th Cir. 2017) (en banc).

**PETITION DENIED.**

---

[1] Santos does not challenge the BIA's conclusion that she failed to establish "a well-founded fear of future persecution or a clear probability of harm based on a protected ground," and has thus abandoned a challenge to that determination. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013).